IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| LAVOTHA RABY, TERRY WILSON, | ) | |
| VERA CARR, TAMMY LARK, | ) | |
| BRENDA HARRIS, JESSIE JONES, | ) | |
| MITCHELL LILLY, SARAH ANN | ) | |
| SALTERS, JAMES YOUNG, | ) | Civil Action No. |
| | ) | |
| Plaintiffs, | ) | CV-07-RRA-516-W |
| | ) | |
| v. | ) | |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| MENTAL HEALTH and MENTAL | ) | |
| RETARDATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Report and Recommendation

This case is before the court on the Alabama Department of Mental Health and Mental Retardation's Second Motion for Partial Dismissal of the First Amended Complaint, (Doc. 25.), on the ground that, as an agency of the state of Alabama, it is entitled to absolute immunity under the Eleventh Amendment to the United States Constitution. Count 4 of the First Amended Complaint states:

COUNT FOUR - NEGLIGENT AND/OR WANTON HIRING,
RETENTION AND SUPERVISION

85. Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

86. Defendant maliciously, deliberately, wantonly and/or negligently hired and failed to supervise, monitor and/or train its employees and non-employees.

87. Defendant maliciously, deliberately, wantonly and/or negligently retained employees engaging in unlawful conduct.

88. Defendant also failed to protect employees, such as the plaintiffs, from the unlawful treatment described in this Complaint.

> 89.    Defendant's conduct proximately caused the Plaintiffs to suffer and are continue to suffer embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses.

(First Amended Compl. ¶13.)

The complaint does not state to which defendant this count refers.  To the extent the count refers to the movant, it is due to be dismissed. The Alabama Department of Mental Health and Mental Retardation  is an agency of the state of Alabama. Alabama Code, §22-50-2, states, in pertinent part:

> There shall be created and established a department of the state government to be known as the Department of Mental Health and Mental Retardation. The department shall be composed of the State Mental Health and Mental Retardation Commissioner and such divisions and administrative sections as the Mental Health and Mental Retardation Commissioner may direct.

*Also see Larkins v. Department of Mental Health and Mental Retardation*, 806 So.2d 358 (Ala. 2001).

The Tenth Circuit stated:

> The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI. As interpreted, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Sovereign immunity is not absolute. Congress can, for example, abrogate a State's sovereign immunity "in the exercise of its power to enforce the Fourteenth Amendment," and a State may waive its immunity by consenting to suit. *Coll. Savings Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). However, the requirements for abrogation and waiver are strict. Before Congress can abrogate a State's sovereign immunity pursuant to Article I, § 5 of the Fourteenth Amendment, Congress "must identify conduct transgressing the Fourteenth Amendment's substantive provisions, and must tailor its legislative scheme to remedying or preventing such conduct." *Fla. Prepaid Postsecondary Ed. Expense Bd. v. Coll. Savings*

*Bank*, 527 U.S. 627, 639, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999). Before we will conclude that a State has waived its sovereign immunity, there must be "an unequivocal waiver specifically applicable to federal-court jurisdiction." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).

*Estes v. Wyoming Dept. of Transp.*, 302 F.3d 1200, 1203 (10th Cir. 2002). The immunity conferred on a state extends to state agencies as well. *Schloper v. Bliss*, 903 F. 2d 1373 (11th Cir. 1990).[1]

No showing of abrogation or waiver having been made, it is RECOMMENDED that the motion be granted, and that Count 4 of the First Amended Complaint be dismissed as to the Alabama Department of Mental Health and Retardation.

Any party may file specific written objections to this report and recommendation within ten (10) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within ten (10) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

DONE this 10th day of April, 2009.

Robert R. Armstrong, Jr.
United States Magistrate Judge

---

[1] The plaintiffs do not respond to this argument, but instead argue only *qualified* immunity–an issue irrelevant to the present motion.